UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

BRENDA BERTHOLF and GILLES CHARMEY,

Plaintiff,

-against-

THE CITY OF NEW YORK and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.

Defendants.

---------------------------------------------------------------------X

Index No.: 25-cv-9176

ECF CASE

COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs BRENDA BERTHOLF and GILLES CHARMEY (collectively "Plaintiffs") by and through their attorney, Wylie Stecklow, PLLC, complain of Defendants, and respectfully allege to this Court as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiffs bring this action to recover for damages for severe personal injuries and loss of consortium that Plaintiffs sustained on or about August 12, 2024, as a direct and proximate result of each Defendants' negligence, without any negligence on the part of Plaintiffs contributing thereto.

2. Upon information and belief, Plaintiff Brenda Bertholf's injuries are continuing and included, but are not limited to anterior dislocation of the proximal humerus with displaced fracture of greater tuberosity, requiring surgery and causing scarring. Post-surgical review of the injured area reveals migration of the greater tubercle resulting in a restriction of 50% forward flexion without any probability of improvement. The injuries have not resolved, and she has suffered permanent harm and restrictions to her body.

3. Plaintiff BRENDA BERTHOLF's claim accrued on August 12, 2024, when she was caused to trip and fall while she was walking on the sidewalk on Prospect Street between Adams Street and Washington Street in Brooklyn, Kings County, in the City and State of New York.

4. Defendants each negligently controlled and maintained the sidewalk, and the area within 12 inches of the defect that led to Plaintiff BRENDA BERTHOLF's trip and fall.

5. Plaintiff BRENDA BERTHOLF seeks herein redress for the injuries inflicted on them by Defendants under color of law.

## II. JURISDICTION

6. This action is brought in this Court pursuant to 28 U.S.C. §1332 (a)(3) on the basis of complete diversity of citizenship, in that Plaintiff BRENDA BERTHOLF is a resident and domiciliary of the State of Virginia and Plaintiff GILLES CHARMEY is a resident and domiciliary of France; Defendant CITY OF NEW YORK was and is a New York State municipal corporation organized and existing under and pursuant to the laws of the State of New York, and Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC is incorporate and maintains its principle place of business in this state.

7. The matter in controversy exceeds the sum of $75,0000.00, exclusive of the costs and disbursements of this action.

## III. VENUE

8. Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(1) because the Defendant CITY OF NEW YORK is a resident of the district, and Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK,INC maintains its principle place of business in this district.

9. Prior to the commencement of this action, and within 90 days after the City claim arose, Plaintiff BRENDA BERTHOLF caused a Notice of Claim in writing to be served upon Defendant City on October 14, 2024, which said Notice of Claim set forth the name and post office address of Plaintiff BRENDA BERTHOLF and her attorney, the nature of, time when,

place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable. The Notice of Claim was acknowledged by The City of New York, Office of the Comptroller, and assigned Claim No. 2024PI033060.

10. On or around February 11, 2025, Plaintiff BRENDA BERTHOLF testified at a hearing pursuant to the General Municipal Law §50-H at the request of Defendant.

11. At this time, more than thirty (30) days have elapsed since the service of such Notice of Claim and Defendant CITY OF NEW YORK has failed and neglected to make any payment of such claims and causes of action.

12. This action was commenced within one year and 90 days after the cause of action herein accrued.

## IV. JURY DEMAND

13. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

14. At all times hereinafter mentioned, Plaintiff BRENDA BERTHOLF was a resident of Arlington County in the State of Virginia, who votes in Virginia, pays taxes (married filing separately) in Virginia and has a current, valid Virginia driver's license.




15. At all times hereinafter mentioned, Plaintiff GILLES CHARMEY was a resident of Paris, France living in the 14th Arrondissement.

16. At all times hereinafter mentioned, Defendant, the CITY OF NEW YORK, was a municipal corporation duly organized and existing under the laws of the State of New York.

17. At all times hereinafter mentioned, Defendant, CONSOLIDATED EDISON COMPANY, OF NEW YORK, INC was a corporation duly formed, organized and existing under the laws of the State of New York.

## VI. PRIOR WRITTEN NOTICE



BIG APPLE POTHOLE & SIDEWALK PROTECTION COMMITTEE

Commissioner Iris Weinshall
City of New York Department of Transportation
40 Worth Street
New York, NY 10012

Dear Commissioner Weinshall:

Pursuant to the General Municipal Law Section 50-g and Section 7-201 of Chapter 2 of the Administrative Code of the City of New York, we hereby notify you of the defect(s) represented on the enclosed maps (2003) of a section of: Brooklyn

VOLUME: 2 PAGES: 1-64

Sincerely,

Andrea Kinloch
Assistant Director

DEPARTMENT OF TRANSPORTATION
DATE STAMP

18. The City was on prior written notice of the defect as the Commissioner of the Department of Transportation received a written notice of the defect on or about October 23, 2003, by the Big Apple Pothole & Sidewalk Protection Committee.

19. That on the 23rd day of October 2023, a map and legend, copies of which are annexed hereto as Plaintiffs' exhibit "A", were filed with the NYC Dept. of Transportation at Volume 2, Sheet 15, Kings County.




20. Prior to August 12, 2024, but subsequent to the date the Defendant CITY OF NEW YORK was provided with written notice of defect in satisfaction of the

Administrative Code of the City of New York, the Defendant CITY OF NEW YORK made a negligent repair to the sidewalk that immediately resulted in this dangerous condition.

21. Within twelve inches of the sidewalk defect is a utility cover that is owned by Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, Inc.

22. Upon information and belief, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, Inc. failed to exercise reasonable care in the performance of their duties and thereby, negligently created this dangerous condition, and/or exacerbated a previously existing dangerous condition.

## VII. ALLEGATIONS OF FACT

18. While walking in Brooklyn on August 12, 2024, Plaintiff Brenda Bertholf tripped on a large mis-leveled sidewalk flagstone, causing her to fall.

19. Ms. Bertholf had been visiting New York City and staying at her daughter's apartment in Dumbo, Brooklyn. At the time of the incident, she was walking on Prospect Street between Adams Street and Washington Street. She was going to the High Street Subway entrance to meet a friend.

20. Bertholf "heard a big crunch" and fell on her face and shoulder, causing her to bleed from her nose and leaving her in "excruciating pain."

21. Some tourists stopped to help Ms. Berthoif. An ambulance was called to the scene.







22. The utility cover within twelve (12) inches of the defect has an insignia indicating it is from the NY & Queens Electric Power and Light Company, which is a predecessor to Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.

23. While waiting for the ambulance, Ms. Bertholf sat on the ground, where she experienced excruciating pain in her shoulder, arm and head.

24. Once the ambulance arrived, Ms. Berthof's pain level made it difficult for her to rise from the sidewalk onto the gurney/stretcher and into the ambulance.

25. After she was in the ambulance, Ms. Bertholf was transported to Bellevue Hospital. She was first taken to the Emergency Room and then to a trauma unit.

26. She had to undergo multiple procedures including external fixation and when unsuccessful, a reverse total left shoulder arthroplasty.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

**NEGLIGENCE**

27. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the paragraphs numbered "1" through "26" inclusive as if fully set forth at length herein.

DEFENDANT CITY OF NEW YORK

28. On or about August 12, 2024, Defendant CITY OF NEW YORK controlled the sidewalk of the North side of Prospect Street between Adams Street and Washington Street, Brooklyn, NY.

29. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK was the owner of the aforesaid location.

30. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK and/or their agents, servants or employees operated the aforesaid location.

31. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK and/or his agents, servants or employees managed the aforesaid location.

32. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK, INC and/or his agents, servants or employees controlled the aforesaid location.

33. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK and/or its agents, servants or employees supervised the aforesaid location.

34. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK and/or its agents, servants or employees repaired the aforesaid location.

35. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK and/or its agents, servants or employees maintained the aforesaid location.

36. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK and/or its agents, servants or employees inspected the aforesaid location.

37. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK and/or its agents, servants or employees operated, managed, controlled, supervised, repaired, maintained and inspected the aforesaid location in an unsafe, hazardous and dangerous condition.

38. On or about August 12, 2024, Plaintiff BRENDA BERTHOLF was lawfully at the aforesaid location walking on the North Side of the sidewalk of Prospect Street between Adams Street and Washington Street, Brooklyn, NY, when she was caused to fall due the defective and hazardous condition and/or a defective repair of the condition.

39. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK had notice of said dangerous condition.

40. On or about August 12, 204, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK caused and created said dangerous condition.

41. On or about August 12, 204, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK used its property and the adjacent sidewalk for a special purpose.

42. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK failed to sufficiently prevent or warn pedestrians of the hazards then and there existing.

43. On or about August 12, 2024, and prior thereto, and for a considerable amount of time prior thereto, Defendant CITY OF NEW YORK, and/or its agents, servants or employees negligently repaired the defect thereby admitting notice of the defect as well as improperly repairing it.

44. That as a result of the foregoing the Plaintiff BRENDA BERTHOLF was seriously injured, requiring surgery. The resulting injuries are permanent and require continued medical care.

DEFENDANT CONSOLIDATED EDISON COMPANY OF NEW YORK, INC

45. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC controlled the utility cover within the sidewalk of the North side of Prospect Street between Adams Street and Washington Street, Brooklyn, NY.

46. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC was the lessor at the aforesaid location.

47. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC and/or their agents, servants or employees operated the aforesaid location.

48. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANYOF NEW YORK, INC and/or his agents, servants or employees managed the aforesaid location.

49. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANYOF NEW YORK, INC and/or his agents, servants or employees controlled the aforesaid location.

50. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANYOF NEW YORK, INC and/or its agents, servants or employees supervised the aforesaid location.

51. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC and/or its agents, servants or employees repaired the aforesaid location.

52. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC and/or its agents, servants or employees maintained the aforesaid location.

53. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC and/or its agents, servants or employees inspected the aforesaid location.

54. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC and/or its agents, servants or employees operated, managed, controlled, supervised, repaired, maintained and inspected the aforesaid location in an unsafe, hazardous and dangerous condition.

55. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC and/or its agents, servants or employees negligently repaired the defect thereby admitting notice of the defect as well as improperly repairing it.

56. On or about August 12, 2024, Plaintiff BRENDA BERTHOLF was lawfully at the aforesaid location at or within twelve inches of the utility cover within the sidewalk of the North side of Prospect Street between Adams Street and Washington Street, Brooklyn, NY, when she was caused to fall due the defective and hazardous condition within twelve inches of the utility cover, caused by the utility cover and/or a defective repair of the condition.

57. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC had notice of said dangerous condition.

58. On or about August 12, 204, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC caused and created said dangerous condition.

59. On or about August 12, 204, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC used its property and the adjacent sidewalk for a special purpose.

60. On or about August 12, 2024, and for a considerable amount of time prior thereto, Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC failed to sufficiently prevent or warn pedestrians of the hazards then and there existing.

61. That as a result of the foregoing the Plaintiff BRENDA BERTHOLF was seriously injured, requiring surgery. The resulting injuries are permanent and require continued medical care.

## SECOND CLAIM FOR RELIEF

## LOSS OF SERVICES and LOSS OF CONSORTIUM

62. Plaintiffs repeat, reiterate and reallege each and every allegation as if fully set forth herein.

63. That at all times hereto before mentioned, plaintiff GILLES CHARMEY was the lawful husband of plaintiff BRENDA BERTHOLF.

64. That prior to this incident described herein, plaintiff BRENDA BERTHOLF was responsible for most of the services in their home including, cooking, cleaning, laundry, shopping and all of the daily services involved in the upkeep of a home.

65. That as a result of the foregoing and specifically as a result of the actions taken by the Defendant CITY OF NEW YORK and/or Defendant CONSOLIDATED EDISON COMPANY OF NEW YORK, INC, their agents, servants and/or employees set forth previously, the individual plaintiff, GILLES CHARMEY was and still is and will continue in the future to be deprived of the same love, affection, society, consortium, services and wifely functions of his wife, plaintiff BRENDA BERTHOLF, and has been caused and will be caused to expend sums of money to have cared for her and provide services to her as a result of her injuries and/or disability and this plaintiff was otherwise damaged.

66. That by reason of the foregoing, this plaintiff is entitled to recover from the Defendants for all of the damages and injuries suffered by him including but not limited to compensation for services and care provided and to be provided, expenses sustained and to be sustained.

Dated: New York, New York
November 4, 2025

Yours, etc.,

Wylie M. Stecklow, ESQ.
WYLIE STECKLOW PLLC
Attorneys for Plaintiffs
Carnegie Hall Tower
152 W. 57th Street, 8th Floor
New York, NY 10019
(212) 566 8000